Judge Graham
delivered the opinion, of the Court.
The note of Joseph Hite, John S. Hite, and Hodges, (the two latter being sureties for the first,) having been fully paid and discharged by Hodges, to whom it was delivered by the payee, and his name afterwards torn from the note, could not be resuscitated by any sale thereof, by Hodges, to one of the payers, so as to make it again a note, binding and valid as such, against the other two obligors. Hodges, the surety, having paid the debt of his principal, had a right of action against his principal for the amount so paid, and might assign his demand so as to authorize Campbell to use Hodges’ name in an action at law, to recover the amount paid. And, as the surety may sue the principal in chanc'ery, We suppose his equitable assignee may maintain, in his own name, a suit in equity against the principal; but in such a suit the surety, Hodges, is an indispensible party, and on being made such, the principal would have an opportunity of relying upon such defence as he may have against the surety, to resist a decree against him. Hodges was, by an amended bill, prayed to be made a party, but no process was executed on him, nor was any warning order had against him. He was not before the Court as a party. Although no assignment or transfer of Hodges’ demand against Hite, is ex *81 hibited by Campbell, yet, if the facts exist as stated in his amended bill, he was was authorized to institute this suit.
jE. M. Sf H. Q. Ewing for plaintiffs; B. A. Monroe for defendant.
The decree must, however, be reversed for want of proper parties; but as the case must be se’nt back for further proceedings, it is proper to suggest the decree which ought to be rendered herein if it shall be proper to decree for the complainant. ' By 'the will of Samuel Hite, one fifth of his land, and also one negro woman, was devised to John S. and James C. Hite, “to be held by them for the benefit of Joseph Hite, allowing him a reasonable compensation for the use of the land and negro yearly.” The rent of the land and the hire of the slaves would, in a short time, realize enough to pay the demand set up by complainant, and where that can be done, in a convenient and reasonable time, it is proper so to decree, rather than to subject to sale the entire estate, and thereby deprive the cestui que trust of all future benefit from the property. If the complainant, on the return of the cause, shall show that he is entitled to a decree against Hite, such decree, for the reasons above suggested, should only be, to apply to his own demand, the annual profits of the estate devised, until the whole is paid.
For the reasons suggested, the decree of the Circuit Court is reversed and the cause remanded, with directions for other proceedings consistent with this opinion.